# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| **RODNEY ALLEN,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )     **Case number 4:08cv0074 TCM** |
| | ) |
| **TROY STEELE,[1]** | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM AND ORDER

Rodney Allen, who is a Missouri prisoner, petitions the United States District Court for the Eastern District of Missouri for federal habeas corpus relief from a conviction following a guilty plea. See 28 U.S.C. § 2254. This matter is before the undersigned United States Magistrate Judge for review and final disposition.[2] Finding Petitioner's two grounds for relief are without merit, the petition will be denied without further proceedings.

## Background

In November 2004, Petitioner was charged by a fifteen-count indictment with

---

[1] When he filed this federal habeas action, Petitioner was incarcerated at Missouri's Eastern Reception, Diagnostic and Correctional Center, where Pat Smith was the warden. In recent correspondence (Docs. 11 and 12), Petitioner advises that he has been transferred to the Potosi Correctional Center, where Troy Steele is the warden. See http://doc.mo.gov/division/dai/warden.php (last visited Mar. 17, 2011). Therefore, the Court will substitute Troy Steele as the Respondent in this action.

[2] This matter is before the undersigned United States Magistrate Judge on consent of the parties. 28 U.S.C. § 636(c).

The undersigned has received from Respondent a copy of pages 72, 73, and 74 of Exhibit A, the Legal File, which pages were missing from that exhibit. The Clerk of Court will be directed to make those three pages part of the record.

various offenses occurring on July 17, 2004. (Indictment, Resp't Ex. A, at 6-11 [all of Respondent's exhibits are at Doc. 5].) Specifically, he was charged with:

(1) two counts of first-degree burglary, in violation of Mo. Rev. Stat. § 569.160, for knowingly and unlawfully entering Joycelyn Coates's residence to commit a robbery and knowingly and unlawfully entering Debra Strasburger's residence to commit an assault;

(2) two counts of first-degree murder, in violation of Mo. Rev. Stat. § 565.020, for knowingly causing the deaths of Fletcher Coates and John Strasburger by shooting them;

(3) two counts of first-degree robbery, in violation of Mo. Rev. Stat. § 569.020, for stealing a vehicle from Fletcher Coates and a purse from Debra Strasburger, while armed with a deadly weapon;

(4) one count of kidnapping, in violation of Mo. Rev. Stat. § 565.110, by confining Joycelyn Coates for a substantial period, without her consent, to commit robbery;

(5) two counts of first-degree assault, in violation of Mo. Rev. Stat. § 565.050, for shooting Debra Strasburger causing her serious physical injury and for attempting to cause serious physical injury to Police Officer Streckfuss by driving a car at a high rate of speed directly at him; and

(6) six counts of armed criminal action, in violation of Mo. Rev. Stat. § 571.015, related to the two first-degree murders, the two first-degree robberies, the kidnapping, and the first-degree assault of Debra Strasburger.

Against his attorney's advice, Petitioner pleaded guilty to the two first-degree murder charges, the first-degree assault charge involving Debra Strasburger, and the three armed

criminal action charges related to those murder and assault charges. (Tr. Plea and Sentencing, Resp't Ex. A at 12-25.) Upon Petitioner's guilty plea, the State dismissed the other nine counts of the indictment. (See Order of Nolle Prosequi, dated Jan. 18, 2006, Resp't Ex. A at 26; Tr. Plea and Sentencing, Resp't Ex. A, at 13.) At the sentencing hearing which followed immediately after the plea hearing, the plea court sentenced Petitioner to concurrent terms of imprisonment of life without probation or parole for the two first-degree murder offenses and life for the other four offenses. (Sentence and Judgment, Resp't Ex. A at 30-33; Plea Tr., Resp't Ex. A at 23.)

Petitioner did not appeal, but did timely seek postconviction relief by filing a motion under Mo. S. Ct. Rule 24.035. (Pet'r Postconviction Mot., Resp't Ex. A at 37-42). Through counsel, Petitioner filed an amended postconviction motion,[3] including a request for an evidentiary hearing. (Pet'r Am. Postconviction Mot., Resp't Ex. A at 47-67.) Petitioner presented two claims in that motion: that his plea attorney provided ineffective assistance by failing to explain to Petitioner that a sentence of life without parole would mean he would die in prison, and that his plea attorney provided ineffective assistance by failing to

---

[3] Upon the filing of the amended postconviction motion, any claims in the pro se motion for postconviction relief were no longer before the motion court except to the extent they were included in the amended motion. See **Tinsley v. State**, 258 S.W.3d 920, 927 (Mo. Ct. App. 2008) ("the only claim which the motion court could have considered and determined was that raised in the amended . . . motion for post-conviction relief [because t]he filing of an amended motion superseded [the] pro se motion and rendered it a nullity" (citations omitted)); **Day v. State**, 143 S.W.3d 690, 693-94 (Mo. Ct. App. 2004) ("The amended motion supersedes [the] pro se motion and renders it a nullity. . . . . Therefore, the allegations of a[n] amended motion would be the only matters before the motion court" (citation omitted)); **Leach v. State**, 14 S.W.3d 668, 670-71 (Mo. Ct. App. 2000) (a pro se allegation not included in the amended motion for postconviction relief is "not properly before the motion court").

explain to the plea court the nature of the medications Petitioner was taking at the time of the plea and the effect they had on Petitioner's understanding of the plea proceedings. (Id. at 52-53.)

Without holding an evidentiary hearing, the motion court[4] entered findings of fact and conclusions of law denying Petitioner's postconviction motion ("judgment"). (Judgment, Resp't Ex. A at 74-79.) In relevant part, the motion court concluded:

> 3. To obtain an evidentiary hearing for [postconviction] claims related to the ineffective assistance of counsel, [Petitioner] must allege facts, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and that [Petitioner] was thereby prejudiced. State v. Brooks, 960 S.W.2d 479, 497 (Mo. banc 1997).

> 4. In addition, in order to prevail on a claim of ineffective assistance of counsel, [Petitioner] must demonstrate that: (a) his trial counsel failed to exercise the customary skill and diligence a reasonably competent attorney would have [exercised] under similar circumstances; and (b) [Petitioner] was thereby prejudiced. State v. Holcomb, 956 S.W.2d 286, 295 (Mo. [Ct.] App. 1997). Further, trial counsel is deemed vested with broad discretion in conducting his client's defense, and is presumed competent. Schneider v. State, 787 S.W.2d 718, 720-[2]1 . . . (Mo. banc 1990) . . . ; State v. Roberts, 948 S.W.2d 577, 604 (Mo. banc 1997) . . . .

> 5. In the case of a guilty plea, [Petitioner] must prove that the alleged ineffective assistance of counsel rendered his guilty plea involuntary. Greathouse v. State, 859 S.W.2d 247, 248 (Mo. [Ct.] App. 1993). In order to "satisfy the 'prejudice' requirement, a prisoner who has pled guilty must demonstrate there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Jenkins v. State, 9 S.W.3d 705, 707 (Mo. [Ct.] App. 1999).

---

[4] The judge presiding over the postconviction proceedings also presided over the plea and sentencing proceedings.

* * *

8. If [Petitioner] claims he or she pled guilty due to a mistaken belief about his or her sentence, the court must determine whether a reasonable basis existed for such a belief. <u>Rick v. State</u>, 934 S.W.2d 601, 605 (Mo. [Ct.] App. 1996). The record clearly indicates that there is no reasonable basis for [Petitioner]'s mistaken belief that his sentence of "life without the possibility of probation or parole" would be treated as thirty years, as alleged in his amended motion.

9. "Merely ingesting drugs is insufficient to render a person incapable of pleading guilty; 'the ingestion of drugs will only invalidate a guilty plea where the ability to understand the proceedings and give free assent is impaired.'" . . . <u>Edwards [v. State]</u>, 954 S.W.2d 403, 409 (Mo. [Ct.] App. 1997), quoting <u>Cross v. State</u>, 928 S.W.2d 418, . . . 419 (Mo. [Ct.] App. 1996).

10. [Petitioner] has failed to establish by a preponderance of the evidence that he is entitled to the relief requested in his amended motion.

11. The Court concludes from a review of the entire case that there is no reasonable probability that the result of the case would have been different had plea counsel conducted himself in the manner dictated by [Petitioner]'s allegations.

(Judgment, Resp't Ex. A at 77-79.)

Petitioner filed an appeal, raising two points. (Pet'r Br., Resp't Ex. B.) In his first point, Petitioner alleged the motion court clearly erred in denying his postconviction motion, without an evidentiary hearing, and violated his rights under the Fifth, Sixth, and Fourteenth Amendments, to persist in a plea of not guilty, to the effective assistance of counsel, to due process of law, and to a jury trial, because his plea counsel was ineffective in failing to explain to Petitioner that a sentence of life without probation or parole would mean he would die in prison. (<u>Id.</u> at 12, 15.) For his second point, Petitioner argued the

motion court clearly erred in denying his postconviction motion, without an evidentiary hearing, and violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the effective assistance of counsel, because his plea counsel was ineffective in failing to explain to the plea court the nature of the medications Petitioner was taking, which prevented the plea court from making a proper determination of whether Petitioner's guilty plea was entered knowingly and voluntarily. (Id. at 14 and 24.)

The Missouri Court of Appeals for the Eastern District affirmed the denial of Petitioner's postconviction motion. (Opinion, dated September 25, 2007, Resp't Ex. D.) In relevant part, the state appellate court stated:

> In a proceeding brought under Rule 24.035, a Movant is entitled to an evidentiary hearing only if his petition: "(1) alleges facts, not conclusions, which, if true, would warrant relief, (2) these facts must raise matters not refuted by the record and files in the case, and (3) the matters complained of must have resulted in prejudice to the movant." Jones v. State, 829 S.W.2d 47, 48 (Mo. [Ct.] App. 1992).

> To obtain an evidentiary hearing for [postconviction] claims related to the ineffective assistance of counsel, [Petitioner] must allege facts, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and that [Petitioner] was thereby prejudiced. State v. Brooks, 960 S.W.2d 479, 497 (Mo. banc 1997). Further, in order to prevail on a claim of ineffective assistance of counsel, [Petitioner] must demonstrate that: (a) his trial counsel failed to exercise the customary skill and diligence a reasonably competent attorney would have [exercised] under similar circumstances; and (b) [Petitioner] was thereby prejudiced. State v. Holcomb, 956 S.W.2d 286, 295 (Mo. [Ct.] App. 1997). Additionally, trial counsel is deemed vested with broad discretion in conducting his client's defense, and [is] presumed competent. Schneider v. State, 787 S.W.2d 718, 720-[2]1 . . . (Mo. banc 1990) . . . ; State v. Roberts, 948 S.W.2d 577, 604 (Mo. banc 1997) . . . .

In the case of a guilty plea, [Petitioner] must prove that the alleged ineffective assistance of counsel rendered his guilty plea involuntary. Greathouse v. State, 859 S.W.2d 247, 248 (Mo. [Ct.] App. 1993). In order to "satisfy the 'prejudice' requirement, a prisoner who has pled guilty must demonstrate there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Jenkins v. State, 9 S.W.3d 705, 707 (Mo. [Ct.] App. 1999). If [Petitioner] claims he or she plead[ed] guilty due to a mistaken belief about his or her sentence, the court must determine whether a reasonable basis existed for such a belief. Rick v. State, 934 S.W.2d 601, 605 (Mo. [Ct.] App. 1996).

[Petitioner]'s first claim is that he did not understand that a sentence of life meant that he would "die in prison." [Petitioner] argues that because plea counsel failed to explain to [Petitioner] that pleading guilty to charges of murder in the first degree meant he would die in prison, plea counsel was ineffective. [Petitioner] claims that his reliance on the language of RSMo. Section 558.019.4, along with his reliance on representations made by other inmates and plea counsel justify his reasonable belief that a life sentence would be treated as thirty years in prison. RSMo. § 558.019.4 states, "[f]or the purpose of determining the minimum prison term to be served . . . [a] sentence of life shall be calculated to be thirty years." According to Miller v. State, mistaken beliefs about sentencing may affect a defendant's ability to knowingly enter a guilty plea, if: 1) the mistake is reasonable, and 2) the mistake is based upon a positive representation upon which [Petitioner] is entitled to rely. Miller v. State, 869 S.W.2d 278, 279 (Mo. [Ct.] App. . . . 1994). Further, if an attorney misadvises the defendant of the direct or collateral consequences of pleading guilty, the court may find that the defendant received ineffective assistance of counsel. But, and most importantly, a defendant's guilty plea is voluntary even though his attorney gave him erroneous advice if the court's questioning of the defendant at the plea proceeding "thoroughly disabused him of any preconceived notions regarding the consequences of a guilty plea." Bounds v. State, 556 S.W.2d 497, 498 (Mo. [Ct.] App. . . . 1997). Based on our understanding of Bounds we disagree with [Petitioner].

It is clear from the record cited by both [Petitioner] and the State in their briefs that the court's questioning of [Petitioner] at the plea proceeding and at the sentencing hearing "thoroughly disabused him of any preconceived notions" regarding the consequences of [Petitioner] pleading guilty. The [plea] court carefully and clearly apprised [Petitioner] as to the results of his

plea:

> **THE COURT:** And again, I want you to be clear on this. If the case proceeded to trial, I would anticipate that the jury, at a minimum, would be instructed on Murder in the 2nd Degree, which is a lesser degree of murder, which carries a term of imprisonment up to life, but doesn't provide for life without parole. Do you understand that the jury would have that possibility to consider?
>
> **[PETITIONER]:** Yes, sir.
>
> **THE COURT:** Do you understand that by pleading guilty, again, you're giving up that right. There won't be a trial. The jury won't have that option. You won't have the right to an appeal. And you understand all of that?
>
> **[PETITIONER]:** Yes, sir.
>
> **THE COURT:** Has anyone promised you that your sentence would be anything other than life without parole?
>
> **[PETITIONER]:** No, sir.
>
> **THE COURT:** And again. <u>Do you understand that that sentence means what it says. It's life without probation or parole?</u>
>
> **[PETITIONER]:** Yes, sir.

At the sentencing held immediately after the guilty plea hearing, the court asked [Petitioner] the following:

> **THE COURT:** And have there been any representations of any kind made to you that you would get anything other than life without parole?
>
> **[PETITIONER]:** No, sir.
>
> **THE COURT:** Has anyone ever told you that life without parole doesn't mean life without parole?
>
> **[PETITIONER]:** No, sir.
>
> **THE COURT:** And you understand what I'm saying? Has anybody ever told you that you'll get out of prison?
>
> **[PETITIONER]:** No, sir.
>
> **THE COURT:** And you understand that you're going to serve the rest of your life in prison, is that correct?
>
> **[PETITIONER]:** Yes, sir.

Based on this record, [Petitioner]'s plea of guilty was voluntary. As a result, there was no ineffective assistance of counsel. Thus, the court's decision to dismiss [Petitioner]'s postconviction motion without an evidentiary hearing was not clearly erroneous.

[Petitioner]'s second claim is that because plea counsel failed to explain [to the plea court] the nature of the medications [Petitioner] was taking . . ., there was ineffective assistance of counsel. Under RSMo. section 552.020.1, "[n]o person who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures." "It is well established that an incompetent defendant may not make a valid guilty plea." United States v. Premachandra, 32 F.3d 346, 347 (8th Cir. 1994).

[Petitioner] argues that he was prejudiced because plea counsel failed to inform the judge of the true nature of [Petitioner]'s mental illness and drug ingestion - specifically that [Petitioner] had been diagnosed with bipolar disorder and had been prescribed Seroquel, Trazodone, and Depakote, which treat schizophrenia, depression[,] and manic episodes, respectively. [Petitioner] claims ineffective assistance of counsel, arguing that a reasonably competent attorney in the same or similar circumstances would have found out what medications his or her client was taking to treat mental illness. Further a reasonably competent attorney would have informed the court regarding the true nature of the prescribed medications, in order that the court could have accurate information before it in determining whether [Petitioner] was capable of entering a voluntary, knowing, and intelligent plea of guilty. [Petitioner] argues that had the court been made aware of the true nature of [Petitioner]'s medications, the court would have determined that [Petitioner] may have lacked the ability to understand the proceedings and his plea of guilty would not have been knowing, voluntary, or intelligent. We disagree with [Petitioner].

According to Wilson v. State, a defendant is competent to plead guilty if he had the sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and had a rational factual understanding of the proceedings against him. Wilson v. State, 813 S.W.2d 833, 835 (Mo. banc 1991). The mere fact that [Petitioner] was medicated at the plea hearing is, alone, not enough to render [Petitioner] incompetent. Jones v. State, 471 S.W.2d 223, 228 (Mo. 1971). Addiction to narcotics or

ingestion of drugs does not in and of itself render one incompetent to plead guilty. Gillespie v. State, 655 S.W.2d 830, 831 (Mo. [Ct.] App. . . . 198[3]). The following colloquy between the court and [Petitioner] illustrates [Petitioner]'s mental competence:

> **THE COURT:** Are you under the influence of any drugs or alcohol?
>
> **[PETITIONER]:** No, sir.
>
> **THE COURT:** Are you taking any medications?
>
> **[PETITIONER]:** Yes, sir.
>
> **THE COURT:** What kind of medication do you take?
>
> **[PETITIONER]:** Seroqel, and Trapazone, and that's it.
>
> **THE COURT:** What are those for?
>
> **[PETITIONER]:** Sleeping.
>
> **THE COURT:** Okay. And you've seen someone over at the Justice Services Department, is that correct, and they prescribe that for you?
>
> **[PETITIONER]:** Yes, sir.
>
> **THE COURT:** How long have you been taking these drugs?
>
> **[PETITIONER]:** Nineteenth months.
>
> **THE COURT:** Do they interfere with your ability to know what you're doing?
>
> **[PETITIONER]:** No, sir.
>
> **THE COURT:** As you stand here right now is your mind clear?
>
> **[PETITIONER]:** Yes, sir.
>
> **THE COURT:** All those drugs do is help you sleep is that correct?
>
> **[PETITIONER]:** Yes, sir.
>
> **THE COURT:** And again, you've been taking them for some time, so you know how they affect you?
>
> **[PETITIONER]:** Yes, sir.
>
> **THE COURT:** Again, I want to make sure that your mind is completely clear and you know everything that's happening today. And you're telling me that your mind is clear, is that correct?
>
> **[PETITIONER]:** Yes, sir.

To be entitled to an evidentiary hearing, [Petitioner] must allege: "(1) facts, not conclusions, which, if true, would warrant relief, (2) these facts must

raise matters not refuted by the record and files in the case, and (3) the matters complained of must have resulted in prejudice to the movant." <u>Jones v. State</u>, 829 S.W.2d 47, 48 (Mo. [Ct.] App. 1992).

Here, [Petitioner] alleges that the medications he was taking may have impaired his thinking, and had his counsel made the court aware of the true nature of the medications, the court would have determined that [Petitioner] may have lacked the ability to understand the proceedings and his plea of guilty would not have been found to be knowing, voluntary, or intelligent. These speculations by [Petitioner] are insufficient to meet his burden of stating facts warranting relief. Further, there is no evidence that [Petitioner] was confused or lacked understanding of the proceedings. An examination of the record shows [Petitioner]'s answers to be coherent. Therefore, [Petitioner] cannot show that his counsel was ineffective for failing to correct [Petitioner] about the effects of [the] medications he was taking. Thus, any allegations made by [Petitioner] that his medications impaired his thinking are refuted by the record.

Review of the entire record reveals the decision by the [motion] court to deny [Petitioner]'s motion for post-conviction relief without an evidentiary hearing is supported by the facts. Further, we find that [Petitioner] has failed to establish that the [motion] court's findings of fact and conclusions of law are clearly erroneous. We are left with a definite and firm impression that the guilty plea was thorough and error free. We therefore affirm.

Opinion, Resp't Ex. D, at 3-9 (nineteenth, twentieth, and forty-third alterations in the original) (footnotes omitted). The Missouri Court of Appeals issued its mandate on October 17, 2007. (Resp't Ex. E.)

Petitioner then filed this timely federal habeas action. In his petition (Doc. 1), Petitioner presents two grounds for relief. First, Petitioner argues that his counsel provided ineffective assistance due to his failure to explain to Petitioner that life in prison without the possibility of probation or parole meant life, rather than thirty years. (<u>Id.</u>) For his second ground, Petitioner contends his counsel provided ineffective assistance due to his

failure to inform the plea court of the nature of Petitioner's medications. (Id.) Respondent argues that the state appellate court's decision correctly and reasonably applied the standard for the effective assistance of counsel set forth in **Strickland v. Washington**, 466 U.S. 668, 689 (1984). Respondent also urges the plea and sentencing transcript disclose that Petitioner was not prejudiced by counsel's conduct.

## Discussion

Standard of Review. Title 28 U.S.C. § 2254(d) mandates that a federal court grant habeas relief on a claim that was adjudicated on its merits by the State courts *only* "when the state court's decision [is] contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court [of the United States], or the [state court] decision [is ]based on an unreasonable determination of the facts in light of the evidence presented in the state court." **de la Garza v. Fabian**, 574 F.3d 998, 1001 (8th Cir. 2009), cert. denied, 130 S. Ct. 2412 (2010); accord **Christenson v. Ault**, 598 F.3d 990, 994 (8th Cir. 2010). "A state court decision is contrary to clearly established federal law if it reaches a conclusion opposite to one reached by the [United States] Supreme Court on a question of law or decides the case differently than the [United States] Supreme Court has decided a case with a materially indistinguishable set of facts." **de la Garza**, 574 F.3d at 1001; accord **Losh v. Fabian**, 592 F.3d 820, 823 (8th Cir. 2010). "A state court decision involves an unreasonable application of clearly established federal law if, in the federal court's independent judgment, the relevant state court decision not only

applied clearly established federal law incorrectly, but also did so unreasonably." **de la Garza**, 574 F.3d at 1001. "The unreasonable application inquiry is an objective one." **Id.**; see **Losh**, 592 F.3d at 823 (under the unreasonable application clause of § 2254, a habeas petition may be granted "only if the state court applied the correct governing legal principle in an objectively unreasonable manner").

Importantly, "[o]nly rulings in Supreme Court decisions issued before the state court acts are considered clearly established federal law, for a state court does not act contrary to or unreasonably apply clearly established federal law if there is no controlling Supreme Court holding on the point." **Losh**, 592 F.3d at 823 (citations omitted). The state court does not need to cite to Supreme Court cases, "'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" **Revels v. Sanders**, 519 F.3d 734, 739 (8th Cir. 2008)) (quoting Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)).

Additionally, in a federal habeas action pursued by a state prisoner, "a determination of a factual issue made by a State court shall be presumed to be correct" unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The deference owed by a federal habeas court to a state court's findings of fact includes deference to state court credibility determinations, **Smulls v. Roper**, 535 F.3d 853, 864 (8th Cir. 2008) (en banc), and to "[a] state court's findings of fact made in the course of deciding" an ineffective assistance of counsel claim, **Odem v. Hopkins**, 382 F.3d 846, 849 (8th Cir. 2004). Moreover, the presumption of correctness of findings of fact applies to the factual

determinations made by both the state trial court and the state appellate court. **Smulls**, 535 F.3d at 864-65.

An accused's Sixth Amendment right to the assistance of counsel is a right to the effective assistance of counsel. **Marcrum v. Luebbers**, 509 F.3d 489, 502 (8th Cir. 2007) (citing Kimmelman v. Morrison, 477 U.S. 365, 377 (1986)). "To show a constitutional violation of the right to counsel a [petitioner] must show first, that counsel's performance was deficient, and second, that counsel's errors prejudiced the defense." **Id.** (citations omitted) (citing Strickland, 466 U.S. at 687); **Kellogg v. Skon**, 176 F.3d 447, 452 (8th Cir. 1999).

To establish that counsel's performance was deficient, a petitioner must show that counsel "'made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" **Greiman v. Thalacker**, 181 F.3d 970, 972 (8th Cir. 1999) (quoting Strickland, 466 U.S. at 687). More specifically, a petitioner must demonstrate that "counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney." **Armstrong v. Kemna**, 534 F.3d 857, 863 (8th Cir. 2008) (citing Strickland, 466 U.S. at 687-89). "Only reasonable competence, the sort expected of the 'ordinary fallible lawyer,' is demanded by the Sixth Amendment." **White v. Helling**, 194 F.3d 937, 941 (8th Cir. 1999) (quoting Nolan v. Armontrout, 973 F.2d 615, 618 (8th Cir. 1992)). The court is highly deferential in analyzing counsel's conduct and "indulg[es] a

strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment.'" **Armstrong**, 534 F.3d at 863 (quoting <u>Middleton v. Roper</u>, 455 F.3d 838, 846 (8th Cir. 2006)); <u>accord</u> **Nguyen v. United States**, 114 F.3d 699, 704 (8th Cir. 1997) ("In determining whether counsel's conduct was objectively reasonable, there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" (quoting <u>Strickland</u>, 466 U.S. at 689)).

To establish prejudice, a petitioner must demonstrate "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" **Armstrong v. Kemna**, 590 F.3d 592, 595-96 (8th Cir.) (quoting <u>McCauley-Bey v. Delo</u>, 97 F.3d 1104, 1105 (8th Cir. 1996)), <u>cert. denied</u>, 130 S.Ct. 3369 (2010). "'A reasonable probability is [a probability] sufficient to undermine confidence in the outcome.'" **Id.** at 596 (quoting <u>McCauley-Bey</u>, 97 F.3d at 1105); <u>accord</u> **Carroll v. Schriro**, 243 F.3d 1097, 1100 (8th Cir. 2001) (quoting <u>Strickland</u>, 466 U.S. at 694). The petitioner bears the burden of showing such a reasonable probability. **Lawrence v. Armontrout**, 961 F.2d 113, 115 (8th Cir. 1992).

The question of prejudice from counsel's performance need not be reached if the performance was not deficient. <u>See</u> **Parkus v. Bowersox**, 157 F.3d 1136, 1140 (8th Cir. 1998). Conversely, the question of counsel's allegedly deficient performance need not be reached if a petitioner has failed to show prejudice. <u>See</u> **Strickland**, 466 U.S. at 697; **Williams v. Locke**, 403 F.3d 1022, 1025 (8th Cir. 2005).

Importantly, "[s]olemn declarations in open court carry a strong presumption of verity." **Blackledge v. Allison**, 431 U.S. 63, 74 (1977). Therefore, "while a guilty plea taken in open court is subject to collateral attack, 'the defendant's representations during the plea-taking carry a strong presumption of verity and pose a "formidable barrier in any subsequent collateral proceedings."'" **Bramlett v. Lockhart**, 876 F.2d 644, 648 (8th Cir. 1989) (quoting <u>Voytik v. United States</u>, 778 F.2d 1306, 1308 (8th Cir. 1985)).

<u>Ground One - Counsel Provided Ineffective Assistance due to his Failure to Explain to Petitioner that Life in Prison Without the Possibility of Probation or Parole meant Life, rather than thirty years.</u> Petitioner urges his attorney provided ineffective assistance because he did not advise Petitioner that life without probation or parole meant that Petitioner would spend his entire life in prison. The state appellate court found "the trial court carefully and clearly apprised [Petitioner] as to the results of his plea" (Opinion, Resp't Ex. D, at 5); concluded that the record of the plea and sentencing proceedings "'thoroughly disabused [Petitioner] of any preconceived notions' regarding the consequences of [Petitioner] pleading guilty" (<u>Id.</u> (quoting <u>Bounds</u>, 556 S.W.2d at 498)); and decided the guilty plea was voluntary and there was no ineffective assistance of counsel. This state court decision is not an incorrect or unreasonable application of clearly established federal law nor an unreasonable determination of the facts.

It is well established that "a defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that

the advice he received from counsel was not within the standards set forth in McMann[ v. Richardson, 397 U.S. 759 (1970)].'" **Hill v. Lockhart**, 474 U.S. 52, 56-57 (1985) (quoting Tolett v. Henderson, 411 U.S. 258, 267 (1973)).[5] Consequently, to obtain habeas relief, Petitioner must show that his counsel's performance was deficient, i.e., counsel's representation fell below an objective standard of reasonableness, and that he would not have pleaded guilty, and would have insisted on going to trial, but for that deficient performance. See **Gumangan v. United States**, 254 F.3d 701, 705 (8th Cir. 2001); **Wilcox v. Hopkins**, 249 F.3d 720, 722 (8th Cir. 2001); **Witherspoon v. Purkett**, 210 F.3d 901, 903 (8th Cir. 2000). "The prejudice inquiry in such cases 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the *plea process*.'" **Wanatee v. Ault**, 259 F.3d 700, 703 (8th Cir. 2001) (quoting Hill, 474 U.S. at 59). Due to the strong presumption of verity accorded a defendant's statements during court proceedings, **Blackledge**, 431 U.S. at 74, a petitioner has a heavy burden to overcome admissions at a plea hearing to show that the plea was involuntary, **Nguyen**, 114 F.3d at 703.

Petitioner has not satisfied his heavy burden to establish his claim that his attorney was ineffective in failing to advise him that life without probation or parole meant he would

---

[5] While this Court recognizes this ground for relief does not clearly fall within the bounds of **Hill** because Petitioner pleaded guilty to the two first-degree murder charges, which resulted in the life without probation or parole sentences, against the advice of his counsel, the Court considers the analysis of the voluntariness of a guilty plea in **Hill** and its progeny applicable to Petitioner's first ground as it challenges advice counsel purportedly gave Petitioner before or as he considered entering a guilty plea in his criminal case.

remain in prison for the rest of his life, because, as the state court found, this claim is contradicted by his sworn statements to the plea court during the proceedings in which his guilty plea was accepted and he was sentenced. The record of the plea and sentencing proceedings supports the state court's findings. Therefore, Petitioner's first ground for habeas relief is without merit. See **United States v. McKnight**, 186 F.3d 867 (8th Cir. 1999) (per curiam); see also **United States v. Has No Horses**, 261 F.3d 744, 749 (8th Cir. 2001) (rejecting a claim that erroneous advice by counsel about an expected sentence entitled the defendant to set aside his guilty plea, based on defendant's testimony during plea); **Premachandra v. United States**, 101 F.3d 68, 69 (8th Cir. 1996) (rejecting habeas claim that guilty plea was not voluntary because trial counsel had incorrectly informed petitioner that he would not serve a lengthy prison term if he pleaded guilty because, at the guilty plea hearing, petitioner expressly acknowledged, among other things, the potential sentence he faced). In **McKnight**, the Eighth Circuit Court of Appeals rejected a claim that a defendant was misled at his change of plea hearing as to the length of the sentence. **McKnight**, 186 F.3d 867. The court noted that some statements had been made indicating a "reasonable expectation" of a lesser sentence than imposed; however, the plea agreement and colloquy indicated that the defendant knew he faced a greater sentence. **Id.** at 869. The court concluded that the defendant's hope of a lesser sentence did "not translate into a claim for relief." **Id.**

Here, there is no contention and no indication of record that at any time during the

plea and sentencing proceedings the plea court, or Petitioner's counsel, indicated that a sentence of life without probation and parole was the same as a life sentence or was anything less than life spent in prison. The fact that Petitioner may have relied on pre-plea statements of other inmates, his understanding of a Missouri statute regarding the minimum term of a life sentence, or even any prior advice of counsel, does not support a determination that Petitioner misunderstood the clear colloquy he participated in during the plea and sentencing proceedings. The transcript discloses that, without qualification, Petitioner advised the plea court that, for the term of imprisonment of life without probation or parole, he understood it was life "without probation or parole" and he was going to serve the rest of his life in prison. Any hope Petitioner may have had for a lesser term of imprisonment does not, under the circumstances of this case, "translate into a claim for [federal habeas] relief." **Id.** Whatever Petitioner hoped his sentence would be, his guilty plea was not induced by any misinformation about its length or character. There is no showing that counsel's performance was unreasonable or that counsel's performance prejudiced Petitioner. Ground one is denied.

Ground Two - Ineffective Assistance of Counsel due to Counsel's Failure to Inform the Plea Court of the Nature of Petitioner's Medications. For his second ground, Petitioner contends his counsel provided ineffective assistance due to his failure to inform the plea court of the nature of Petitioner's medications. He urges that if counsel had advised the plea court of the true nature of the medications, that court would not have accepted his plea

because he lacked the ability to understand the proceedings. As to this claim, the state

appellate court found in relevant part :

> no evidence that [Petitioner] was confused or lacked understanding of the
> proceedings. An examination of the record shows [Petitioner]'s answers to
> be coherent. Therefore, [Petitioner] cannot show that his counsel was
> ineffective for failing to correct [Petitioner] about the effects of his
> medications he was taking [and] any allegations made by [Petitioner] that his
> medications impaired his thinking are refuted by the record.

(Opinion, Resp't Ex. D, at 8.) This state court decision is not an incorrect or unreasonable

application of clearly established federal law, nor an unreasonable determination of the

facts.

A guilty plea is not per se involuntary when the defendant is receiving drugs as part

of medical treatment at the time of the plea. See **Parker v. Lockhart**, 531 F.2d 927, 928

(8th Cir. 1976) (per curiam) (agreeing with this conclusion by the district court and

concluding petitioner had failed to sustain his burden of proving that his guilty plea was not

knowing and voluntary due to his ingestion of a prescription tranquilizer, Thorazine).

When a plea court has no reason to believe that a "drug interfered with [a petitioner]'s

intellectual or emotional appreciation of the nature of" guilty plea proceedings, the

petitioner's plea may be considered to be knowing and intelligent. **Long v. State of Iowa**,

920 F.2d 4, 6 (8th Cir. 1990) (acknowledging that the prescribed medication, Stelazine,

"[c]ertainly . . . had a strong effect [and] was concededly an anti-psychotic mind-altering

medication," while affirming the dismissal of the federal habeas petition of a petitioner who

had pleaded guilty to first-degree murder and claimed he was under the influence of the

medication at the time of the plea, rendering the plea involuntary). An attorney may be found to have provided ineffective assistance of counsel for failing to bring significant information to the plea court's attention. **Ivy v. Caspari**, 173 F.3d 1136, 1143 (8th Cir. 1999) (noting that "[c]ounsel's failure to bring . . . to the [plea] court's attention" the existence of a medical report indicating "that Ivy was suffering from a mental illness that might well have constituted a valid defense to the charges against him" was another indication of counsel's "ineffective assistance and provide[d another] ground[] for the district court's finding that Ivy's plea was not knowingly and voluntarily entered").

A review of the plea and sentencing proceedings here discloses no indication that any prescribed medication Petitioner had consumed before the proceedings adversely affected him so as to make him unable to appreciate the nature of the guilty plea proceedings. As the state appellate court noted, Petitioner advised the plea court that he had been taking the medication for nineteen months, the medication did not interfere with his knowledge of what he was doing, and his mind was clear. Throughout the proceedings he was lucid. There is no indication from the transcript that Petitioner acted irrationally or was confused at any time during the proceedings. There is no basis for determining that counsel's failure to advise the plea court of the nature of the medications Petitioner was taking prejudiced Petitioner.[6] Ground two is denied.

---

[6] In his reply, Petitioner urges he was prejudiced by counsel's "failure to investigate, to request a hearing to determine his competency to stand trial, and to consider seriously the question of whether to enter a plea of not guilty due to insanity." (Pet'r Reply Br. at 11 [Doc. 9].) This Court is not discussing these arguments as they do not clearly address whether Petitioner was

**Conclusion**

The state appellate court's affirmance of the postconviction motion court's denial of relief on the two claims Petitioner now presents for federal habeas relief is not contrary to, or an unreasonable application, of clearly established federal law; and is not based on an unreasonable determination of the facts. Petitioner's guilty plea was not involuntary or unknowing, or a result of the ineffective assistance of counsel as claimed by Petitioner.

Accordingly,

**IT IS HEREBY ORDERED** that Troy Steele is **SUBSTITUTED** as the Respondent in this proceeding.

**IT IS FURTHER ORDERED** that the Clerk's Office place pages 72-74 with Respondent's Exhibit A so that those pages are part of the record of this case.

**IT IS FINALLY ORDERED** that the 28 U.S.C. § 2254 petition of Rodney Allen [Doc. 1] is **DENIED** without further proceedings.

An appropriate Judgment shall accompany this Memorandum and Order.


/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED  STATES  MAGISTRATE  JUDGE


Dated this <u>29th</u> day of <u>March</u>, 2011.

---

prejudiced by counsel's failure to tell the plea court about the nature of the medications Petitioner was taking, which is the relevant ground for relief before this Court.

- 22 -